UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| KELLI DAVIS, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>PLAINTIFF<br><br>v.<br><br>CAPSTONE CYPRESS OPCO, LLC D/B/A CYPRESS PLACE ASSISTED LIVING, MME CAPITAL HOLDINGS, LLC AND BEJE FOSTER, INDIVIDUALLY,<br><br>DEFENDANTS | CIVIL ACTION NO. 2:25-cv-235 |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Kelli Davis ("Named Plaintiff"), on behalf of herself and all others similarly situated ("Class Members") (Named Plaintiff and Class Members are collectively referred to as "Plaintiffs") brings this Fair Labor Standards Act ("FLSA") suit against Capstone Cypress OpCo, LLC D/B/A Cypress Place Assisted Living, MME Capital Holdings, LLC and Beje Foster, Individually ("Defendants") under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended.

**I.  NATURE OF SUIT**

1.  Defendants have a business plan that includes hiring hourly employees, working them well over forty hours per week, and then reducing or even eliminating their overtime hours.  Defendants do this to avoid paying overtime compensation, saving Defendants money and allowing them to gain an unfair advantage over competitors who pay their employees correctly.

2. Because there are other putative plaintiffs who are similarly situated to the Named Plaintiff regarding the uncompensated work they have performed and the Defendants' compensation policies, Named Plaintiff Davis brings this lawsuit on behalf of herself and all similarly situated current and former hourly employees, regardless of their job duties or title, to recover unpaid overtime that is required to be paid by the FLSA.

## II.  PARTIES

3. Named Plaintiff Kelli Davis is an individual residing in this judicial district.  Her notice of consent is attached hereto as Exhibit A.

4. At all relevant times, Named Plaintiff Davis was an "employee" of Defendants as defined by the FLSA.

5. Named Plaintiff Davis was jointly employed by Defendants from January 2024 through January 2025 as an hourly medication technician.

6. At all relevant times, Defendants were Davis's joint "employer" as defined by the FLSA.

7. Plaintiffs are Defendants' current and former joint employees, regardless of titles or duties, who were paid hourly and whose overtime hours were not properly credited to them or whose overtime hours were improperly reduced/stolen by Defendants.

8. As a result of these illegal practices, Defendants' hourly employees were not paid overtime premiums for all hours worked over forty in a workweek.

9. Defendant Capstone Cypress OpCo, LLC d/b/a Cypress Place Assisted Living ("Cypress") is a domestic limited liability company formed and existing under the laws of the State of Texas.

10. Defendant Cypress was a joint employer of Named Plaintiff Davis and those similarly situated as defined by 29 U.S.C. §203(d).

11. Defendant Cypress can be served by serving its registered agent for service of process, Adam A.

Blythe, at 5560 Tennyson Parkway, Suite 250, Plano, Texas 75024.

12. Defendant MME Capital Holdings, LLC ("MME") is a domestic limited liability company formed and existing under the laws of the State of Texas.

13. Defendant MME was a joint employer of Named Plaintiff Davis and those similarly situated as defined by 29 U.S.C. §203(d).

14. Defendant MME can be served by serving its registered agent for service of process, Adam A. Blythe, at 5560 Tennyson Parkway, Suite 250, Plano, Texas 75024.

15. Defendant Beje Foster is the Director of Cypress.

16. Defendant Beje Foster was a joint employer of Named Plaintiff Davis and those similarly situated as defined by 29 U.S.C. §203(d).

17. Defendant Beje Foster can be served at 100 W. Douglas St., Jefferson, Texas 75657 or wherever else she may be found.

18. At all times hereinafter mentioned, Beje Foster exercised managerial responsibilities and substantial control over the employees of Cypress and MME, including Named Plaintiff Davis, and the terms and conditions of their employment.

19. Beje Foster had and exercised the authority to hire, fire and direct the employees of Cypress and MME, including Named Plaintiff Davis.

20. Beje Foster had and exercised the authority to supervise and control the employment relationships and work schedules of the employees of Cypress and MME, including Named Plaintiff Davis.

21. Beje Foster had and exercised the authority to set and determine the rate and method of pay of the employees of Cypress and MME, including Named Plaintiff Davis.

22. Beje Foster had and exercised the authority to decide whether the employees of Cypress and MME, including Named Plaintiff Davis, received overtime compensation.

23. Beje Foster also kept and maintained employment records for the employees of Cypress and MME, including Named Plaintiff Davis.

## III.  JURISDICTION AND VENUE

24. This Court has subject matter jurisdiction in this matter because Named Plaintiff asserts claims arising under federal law.  Specifically, Named Plaintiff asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*.  Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.  This Court also has personal jurisdiction over all parties to this action.

25. The Court has personal jurisdiction over Defendants because Defendants conduct business in Texas and have entered into relationships with Plaintiffs in Texas and have committed actions in Texas that give rise to this cause of action.

26. Venue is proper in the Eastern District of Texas, Marshall Division, pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to this cause of action occurred in Marion County, Texas which is located in this District and Division.  Inasmuch as Defendants are subject to this Court's personal jurisdiction for purposes of this civil action, Defendants reside in this judicial district.  Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

## IV.  COVERAGE UNDER THE FLSA

27. At all relevant times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Named Plaintiff and the Class Members.

28. At all relevant times, Defendants have been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

29. At all relevant times, Defendants have been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

30. At all relevant times, Defendants Cypress and MME have each been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendants Cypress and MME are each an enterprise and have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that each enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which is separately stated).

31. Named Plaintiff and Class Members handled and otherwise worked with equipment, such as telephones, computers, cleaning supplies, medications, and medical supplies that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

32. At all times hereinafter mentioned, Named Plaintiff and Class Members were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendants at all relevant times "employ[ed]," within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V.  FACTUAL ALLEGATIONS

33. Defendants operate an assisted living facility in Jefferson, Texas.

34. Defendants employ a number of hourly employees to provide services to their residents, ranging from medication technicians to caregivers.

35. Defendants employed Named Plaintiff Davis as a medication technician.

36. Throughout her employment, Defendants paid Davis on an hourly basis.

37. Davis routinely worked long hours and consistently worked more than forty hours per week.

38. Instead of paying Davis for all hours worked, Defendants regularly subtracted 30 minutes per day from Davis's reported hours, deductions that were ostensibly for lunch breaks even though Davis rarely took lunch.

39. Defendants would also regularly reduce Davis's reported hours in an attempt to minimize or even eliminate her overtime hours.

40. Although she consistently worked very long hours, well over forty hours per work week, Davis was not properly compensated for her overtime hours.

41. Defendants have employed and are employing other individuals who have performed duties for Defendants under the same pay provisions as Named Plaintiff Davis, in that they were hourly employees who regularly worked more than forty hours per week who have had their overtime hours improperly reduced by Defendants.

42. Defendants have knowingly, willfully, or with reckless disregard carried out, and continue to carry out, their illegal pattern or practice of failing to pay Named Plaintiff Davis and the Class Members overtime pay for all hours worked over forty per workweek.

## VI. COLLECTIVE ACTION ALLEGATIONS

43. While Named Plaintiff Davis and the Class Members may have had different duties, they are all bound together by the same policy decision instituted by Defendants to improperly reduce their overtime hours. As such, Named Plaintiff Davis and the Class Members were subjected to the same pay provisions in that they were not paid overtime premiums for all hours worked over forty per workweek. Thus, the Class Members are owed one and one-half times their regular hourly rate for all hours worked over forty in a workweek without regard to their individualized circumstances.

44. Defendants have a policy or practice of not paying their hourly employees for all hours worked over forty per workweek. This policy or practice is and has been, at all relevant times, applicable

to the Named Plaintiff and all Class Members. Application of this policy or practice does not depend on the personal circumstances of the Named Plaintiff or those joining this lawsuit. Rather, the same policy or practice that resulted in the refusal to pay overtime premiums for all hours worked over forty per workweek to Named Plaintiff also applies to all Class Members. Accordingly, the "Class Members" are properly defined as:

> **All current and former hourly employees, regardless of position, employed by Defendants within the State of Texas within the last three years who were not paid overtime premiums for all hours worked over forty per workweek.**

## VII.  CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

45. During the relevant period, Defendants have violated and are violating Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating such employees for all of their work in excess of forty hours per week at rates no less than one-and-one-half times their correct regular rates for which they were employed. Defendants have acted willfully in failing to pay Named Plaintiff and the Class Members in accordance with applicable law.

46. In further violation of the FLSA, Defendants have failed to maintain accurate employee pay records, including the number of hours worked per workweek by Plaintiff and the Class Members.

47. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the correct regular rate at which their employees are paid are applicable to the Named Plaintiff or Class Members, as they are all hourly employees.

## VIII.  PRAYER FOR RELIEF

Named Plaintiff Kelli Davis and the Class Members pray for an expedited order directing notice to putative class members pursuant to 29 U.S.C. § 216(b), and, upon trial of this cause, judgment against Defendants Capstone Cypress OpCo, LLC D/B/A Cypress Place Assisted Living, MME Capital Holdings, LLC and Beje Foster, Individually, jointly and severally, as follows:

a. For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid back wages due to Named Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Named Plaintiff (and those who may join the suit);

b. For an Order awarding Named Plaintiff (and those who may join in the suit) the taxable costs and allowable expenses of this action;

c. For an Order awarding Named Plaintiff (and those who may join in the suit) attorneys' fees;

d. For an Order awarding Named Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

e. For an Order awarding Named Plaintiff declaratory and injunctive relief as necessary to prevent the Defendants' further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*; and

f. For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully submitted,

Welmaker Law, PLLC

*/s/ Douglas B. Welmaker*
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
409 N. Fredonia, Suite 118
Longview, Texas 75601
(512) 799-2048
Email: doug@welmakerlaw.com

**ATTORNEY FOR PLAINTIFF**