IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| KELLI DAVIS, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARY SITUATED, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 2:25-CV-235 |
| CAPSTONE CYPRESS OPCO, LLC D/B/A CYPRESS PLACE ASSISTED LIVING, MME CAPITAL HOLDINGS, LLC, AND BEJE FOSTER, INDIVIDUALLY, | § § § § § § § | |
| Defendants. | § | |

## DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

Defendants Capstone Cypress OpCo, LLC d/b/a Cypress Place Assisted Living ("Cypress"), MME Capital Holdings, LLC ("MME"), and Beje Foster ("Foster") (Cypress, MME, and Foster collectively referred to as "Defendants") file their Original Answer to Plaintiff Kelli Davis's, on behalf of herself and all others similarly situated, ("Plaintiff" or "Davis") Original Petition [Doc. 1] (the "Complaint") and would respectfully show the Court as follows:

### I. NATURE OF THE SUIT

1. Defendants deny the allegations in paragraph 1 of the Complaint.

2. Defendants deny the allegations in paragraph 2 of the Complaint.

### II. PARTIES

3. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations stated in paragraph 3 of the Complaint.

4. Defendants admit that Cypress employed Plaintiff. Defendants deny that either MME or Beje employed Plaintiff. Defendants deny any other allegations in paragraph 4 of the Complaint.

5. Defendants deny the allegations in paragraph 5 of the Complaint.

6. Defendants deny the allegations in paragraph 6 of the Complaint.

7. Defendants deny the allegations in paragraph 7 of the Complaint.

8. Defendants deny the allegations in paragraph 8 of the Complaint.

9. Defendants admit that Cypress is a Texas limited liability company. Defendants deny that Cypress's d/b/a is "Cypress Place Assisted Living". Defendants deny any other allegations in paragraph 9 of the Complaint.

10. Defendants deny the allegations in paragraph 10 of the Complaint.

11. Defendants admit the allegations in paragraph 11 of the Complaint.

12. Defendants admit the allegations in paragraph 12 of the Complaint.

13. Defendants deny the allegations in paragraph 13 of the Complaint.

14. Defendants admit the allegations in paragraph 14 of the Complaint.

15. Defendants admit that Foster is the Executive Director at Cypress. Defendants deny any other allegations in paragraph 15 of the Complaint.

16. Defendants deny the allegations in paragraph 16 of the Complaint.

17. Defendants admit the allegations in paragraph 17 of the Complaint.

18. Defendants admit that Foster was the Executive Director at Cypress and exercised managerial responsibilities over employees of Cypress. Defendants deny all other allegations in paragraph 18 of the Complaint.

19. Defendants deny the allegations in paragraph 19 of the Complaint.

20. Defendants deny the allegations in paragraph 20 of the Complaint.

21. Defendants deny the allegations in paragraph 21 of the Complaint.

22. Defendants deny the allegations in paragraph 22 of the Complaint.

23. Defendants deny the allegations in paragraph 23 of the Complaint.

### III. JURISDICTION AND VENUE

24. Defendants admit the allegations in paragraph 24 of the Complaint.

25. Defendants admit they reside and/or conduct business in Texas. Defendants deny the allegation that they "have committed actions in Texas that give rise to this cause of action." Defendants deny any other allegation in paragraph 25 of the Complaint.

26. Defendants admit that venue is proper in the United States District Courts for the Eastern District of Texas. Defendants deny any remaining allegations in paragraph 26 of the Complaint.

### IV. COVERAGE UNDER THE FLSA

27. Defendants deny the allegations in paragraph 27 of the Complaint.

28. Defendants deny the allegations in paragraph 28 of the Complaint.

29. Defendants deny the allegation in paragraph 29 of the Complaint.

30. Defendants deny the allegations in paragraph 30 of the Complaint.

31. Defendants deny the allegations in paragraph 31 of the Complaint.

32. Defendants deny the allegations in paragraph 32 of the Complaint.

### V. FACTUAL ALLEGATIONS

33. Defendants admit that Cypress operates an assisted living facility in Jefferson, Texas. Defendants deny all other allegations in paragraph 33 of the Complaint.

34. Defendants admit that Cypress employs hourly employees. Defendants deny all other allegations in paragraph 34 of the Complaint.

35. Defendants admit that Cypress employed Plaintiff as a medication technician. Defendants deny all other allegations paragraph 35 of the Complaint.

36. Defendants admit that Cypress paid Davis an hourly wage. Defendants deny any other allegations in paragraph 36 of the Complaint.

37. Defendants deny the allegations in paragraph 37 of the Complaint.

38. Defendants deny the allegations in paragraph 38 of the Complaint.

39. Defendants deny the allegations in paragraph 39 of the Complaint.

40. Defendants deny the allegations in paragraph 40 of the Complaint.

41. Defendants deny the allegations in paragraph 41 of the Complaint.

42. Defendants deny the allegations in paragraph 42 of the Complaint.

## VI.    COLLECTIVE ACTION ALLEGATIONS

43. Defendants deny the allegations in paragraph 43 of the Complaint.

44. Defendants deny the allegations in paragraph 44 of the Complaint.

## VII.  CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

45. Defendants deny the allegations in paragraph 45 of the Complaint.

46. Defendants deny the allegations in paragraph 46 of the Complaint.

47. Defendants deny the allegations in paragraph 47 of the Complaint.

## VIII. PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief requested in the Prayer for Relief, including subparts a-f.

## GENERAL DENIAL

To the extent not specifically admitted herein, Defendants deny the allegations contained in the Complaint.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that it would not otherwise have under the law. Defendants reserve the right to assert additional defenses as they may become known during the course of discovery and trial preparation or otherwise:

1. For further answer, if any is needed, and subject to and without waiving the foregoing denials, Defendant alleges that Plaintiff cannot maintain this action as a collective action under 29 U.S.C. § 216, because she is not similarly situated to any other employees for purposes of the allegations and claims made in this lawsuit.

2. For further answer, if any is needed, and subject to and without waiving the foregoing denials and defenses, Defendants allege that any alleged damages to Plaintiff and the "Class Members" described in the Complaint, which Defendants continue to deny, are the result of the acts or omissions of Plaintiff and/or others over which Defendants have no control and for whom Defendants have no responsibility.

3. For further answer, if any is needed, and subject to and without waiving the foregoing denials and defenses, Defendants allege that Plaintiff and the "Class Members" described in the Complaint have been paid all sums legally due under the FLSA.

4. For further answer, if any is needed, and subject to and without waiving the foregoing denials and defenses, Defendants allege that Plaintiff and the "Class Members" described in the Complaint are not entitled to recover wages for time that is not compensable work under the FLSA.

5. For further answer, if any is needed, and subject to and without waiving the foregoing denials and defenses, Defendants allege that Plaintiff and the "Class Members" described in the Complaint are not entitled to recover wages for the time allegedly worked without their employer's actual or constructive knowledge.

6. For further answer, if any is needed, and subject to and without waiving the foregoing denials and defenses, Defendants allege that Plaintiff and the "Class Members" described in the Complaint are not entitled to recover wages for preliminary and postliminary acts under the Portal-to-Portal Act.

7. For further answer, if any is needed, and subject to and without waiving the foregoing denials and defenses, Defendants allege that they did not employ, either directly or jointly, Plaintiff and/or the "Class Members", thus barring them from recovery against the Defendants that did not employ these individuals either directly or jointly.

8. For further answer, if any is needed, and subject to and without waiving the foregoing denials and defenses, Defendants allege that they acted in conformity with the official written interpretations of the FLSA.

9. For further answer, if any is needed, and subject to and without waiving the foregoing denials and defenses, Defendants allege that they had reasonable grounds to believe, in good faith, that they were not violating the FLSA.

10. For further answer, if any is needed, and subject to and without waiving the foregoing denials and defenses, to the extent there are FLSA violations, if any, Defendants did not "willfully and intentionally" violate the FLSA.

11. For further answer, if any is needed, and subject to and without waiving the foregoing denials and defenses, Defendants assert a lack of joint control over Plaintiff and the

"Class Members" by their actual employer, and thus Defendants assert they were not Plaintiff's or the "Class Members'" "joint employer".

12. For further answer, if any is needed, and subject to and without waiving the foregoing denials and defenses, Defendants allege that Plaintiff's and the "Class Members'" claims described in the Complaint for unpaid overtime wages are precluded, in whole or in part, by the FLSA's two-year statute of limitations. *See* 29 U.S.C. § 255(a).

13. For further answer, if any is needed, and subject to and without waiving the foregoing denials and defenses, Defendants allege that Plaintiff and the "Class Members" described in the Complaint failed to mitigate their damages.

14. For further answer, if any is needed, and subject to and without waiving the foregoing denials and defenses, Defendants allege that Plaintiff's and the "Class Members'" damages described in the Complaint are reduced by the equitable doctrine of laches, because to the extent there are FLSA violations, Plaintiff and the "Class Members" failed to report these FLSA violations to Defendants or the U.S. Department of Labor so that such practices could be corrected. Therefore, the damages alleged in this lawsuit should be reduced to the extent they were caused by Plaintiff's own acts and/or omissions.

15. For further answer, if any is needed, Defendants allege that Plaintiff and the "Class Members" described in the Complaint failed to exhaust all administrative remedies.

16. For further answer, if any is needed, Defendants allege that the claims for relief of Plaintiff and the "Class Members" described in the Complaint are limited to the extent statutory damages limitations apply.

17. For further answer, if any is needed, and subject to and without waiving the foregoing denials and defenses, Defendants allege that they acted in conformity with the official written interpretations of the FLSA.

18. Defendants reserve the right to assert any additional defenses that may become relevant or apparent through the course of discovery or otherwise during the course of this proceeding.

## PRAYER

WHEREFORE, Defendants pray that upon final hearing or trial, Plaintiff, and any "Class Members" take nothing by their claims against Defendants and that Defendants be awarded their costs of court and any other further relief to which they may show themselves justly entitled.

        Respectfully submitted,

        **HALLETT & PERRIN, P.C.**

        By: */s/ Barrett C. Lesher*
        Barrett C. Lesher
        Attorney in Charge
        State Bar No. 24070137
        blesher@hallettperrin.com
        Elizabeth M. Reed
        State Bar No. 24116945
        ereed@hallettperrin.com
        1445 Ross Avenue, Suite 2400
        Dallas, Texas 75202
        Telephone: (214) 953-0053
        Facsimile: (214) 922-4142

        **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all CM/ECF participants.

        */s/ Barrett C. Lesher*
        Barrett C. Lesher

4902-6012-8555

**DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES**      **PAGE 9**