IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **KELLI DAVIS, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED,** § § § § | |
| v. § | Case No. 2:25-CV-0235-JRG-RSP |
| § **CAPSTONE CYPRESS OPCO, LLC D/B/A CYPRESS PLACE ASSISTED LIVING, MME CAPITAL HOLDINGS, LLC AND BEJE FOSTER, INDIVIDUALLY** § § § § § § | |

**DISCOVERY ORDER**

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Fed. R. Civ. P. 16, and after receiving the input of the parties to this action, the parties propose the following Discovery Order:

To allow for the efficient resolution of the complex factual and legal issues involved with this litigation, the case will proceed in two separate phases.

**Phase-One** is limited to consideration of any request Plaintiffs make to certify this case as a collective action. Discovery in Phase-One is solely limited to issue of whether this case is appropriate for litigation as a collective action under the FLSA, 29 U.S.C. § 216(b). Plaintiffs' deadline to file a Motion for Notice and Conditional Certification shall be set at the conference.

**Phase-Two** of the case will begin immediately after the close of any opt-in period, provided the Court grants the Motion for Notice and Conditional Certification, or after the Court denies the Motion. Within fourteen (14) days after Phase-Two begins, the Parties will engage in a second Rule 26(f) conference for the purpose of presenting an agreed proposed docket control

order and discovery order to the Court. The Parties may also engage in initial settlement discussions at this time.

1.      **Disclosures.** Within 30 days after the Scheduling Conference, each party shall exchange the documents and information required by FED. R. CIV. P. 26(a)(1).

2.      **Protective Orders.** Upon the request of any party before or after the Scheduling Conference, the Court shall issue the Protective Order in the form attached as Appendix B to the Notice of Scheduling Conference, Proposed Deadlines for Docket Control Order and Discovery Order. Any party may oppose the issuance of or move to modify the terms of the Protective Order for good cause.

3.      **Discovery Limitations**. In addition to the disclosures required in Paragraph 1 of this Order, during Phase-One, discovery is limited to issue of whether this case is appropriate for litigation as a collective action under the FLSA, 29 U.S.C. § 216(b), and the parties are limited to the following:

(a) Plaintiffs will be allowed a 30(b)(6) deposition and one other Defendant witness not to exceed ten hours and limited to Phase-One issues. Because discovery is limited in Phase-One, Plaintiffs will not be barred or prejudiced in any way during Phase-Two from deposing any witness deposed during Phase-One. Plaintiffs will propound not more than 15 interrogatories (no subparts), 15 requests for admission (no subparts) and 15 request for production to Defendant.

(b) Defendant will be allowed to depose any named Plaintiff and any opt-in Plaintiffs, not to exceed ten hours each and limited to Phase-One issues. Because discovery is limited in Phase-One, Defendants will not be barred or prejudiced in any way during Phase-Two from deposing any witness deposed during Phase-One. Defendant will propound not more than 15 interrogatories (no subparts), 15 requests for admission (no subparts) and 15 request for

production to each named or opt-in Plaintiff. Defendant will propound not more than 10 interrogatories and 10 requests for admissions to the putative class as a whole. Depending on the number of opt-in Plaintiffs, Defendant and Plaintiffs agree to meet and confer on appropriate restrictions and/or extension of those limitations. Notwithstanding this agreement, Defendant will be entitled to depose any and all trial witnesses identified by Plaintiffs.

(c) The parties may take the depositions on written questions of custodians of business records for third parties, depositions of any treating physicians, and the depositions of 2 expert witnesses per side. "Side" means a party or a group of parties with a common interest. Any party may move to modify these limitations for good cause.

**4.     Privileged Information**. There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Scheduling Conference. The parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. The privilege logs must be exchanged by the deadline set in the Docket Control Order. Any party may move the Court for an order compelling the production of any privileged documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall file with the Court within 14 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for in camera inspection. If the parties have no disputes concerning privileged documents or information, then the parties shall inform the Court of that fact by filing a notice within 60 days after the Scheduling Conference.

**5.**     **Pre-trial disclosures**. Each party shall provide to every other party regarding the evidence that the disclosing party may present at trial as follows:

(a) The name and, if not previously provided, the address and telephone number of each witness, Separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.

(b) The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.

(c) An appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

These disclosures shall be made at least 30 days before trial. Within 14 days thereafter, unless a different time is specified by the Court, a party may serve and file a list disclosing (1) any objections to the use under Fed. R. Civ. P. Rule 32(a) of a deposition designated by another party under subparagraph (B), and (2) any objections, together with the grounds therefor, that may be made to the admissibility of materials identified under subparagraph (C). Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

**6.**     **Signature.** The disclosures required by this order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this order; otherwise, such

disclosures shall be served as provided by Fed. R. Civ. P. 5. The parties shall promptly file a notice with the Court that the disclosures required under this order have taken place.

**7.      Duty to Supplement.** After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

**8.      Discovery Disputes.**

(a) Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient. The written statement shall list, by category, the items the Requesting Party contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The Requesting Party may thereafter file a motion to compel.

(b) An opposed discovery related motion, or any response thereto, shall not exceed 7 pages. Attachments to a discovery related motion, or a response thereto, shall not exceed 5 pages. No further briefing is allowed absent a request or order from the Court.

(c) Prior to filing any discovery related motion, the parties must fully comply with the substantive and procedural conference requirements of Local Rule CV-7(h) and (i). Within 72

hours of the Court setting any discovery motion for a hearing, each party's lead attorney (*see* Local Rule CV-11(a)) and local counsel shall meet and confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention.

(d) Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than two pages. Unless excused by the Court, each party's lead attorney shall attend any discovery motion hearing set by the Court (though the lead attorney is not required to argue the motion). Any change to a party's lead attorney designation must be accomplished by motion and order.

(e) Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV- 26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

**9**.    **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand, or to change venue.

**10**.    **Filings.** Only upon request from chambers shall counsel submit to the Court courtesy copies of any filings.

**11.**    **Standing Orders.** The parties and counsel are charged with notice of and are required to fully comply with each of the Standing Orders of this Court. Such are posted on the Court's website at http://www.txed.uscourts.gov/?q=judge/chief-district-judge-rodney-gilstrap. The substance of some such orders may be included expressly within this Discovery Order, while

others (including the Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information to Be Presented to the Court During Motion and Trial Practice) are incorporated herein by reference. All such standing orders shall be binding on the parties and counsel, regardless of whether they are expressly included herein or made a part hereof by reference.

**SIGNED this 6th day of June, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE