UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| KELLI DAVIS, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED, <br><br> PLAINTIFF <br><br> v. <br><br> CAPSTONE CYPRESS OPCO, LLC D/B/A CYPRESS PLACE ASSISTED LIVING, MME CAPITAL HOLDINGS, LLC AND BEJE FOSTER, INDIVIDUALLY, <br><br> DEFENDANTS | § § § § § § § § § § § § § § § § § § § CIVIL ACTION NO. 2:25-cv-235 |

## UNOPPOSED MOTION TO EXTEND DEADLINES

Defendants Capstone Cypress OPCO, LLC d/b/a Cypress Place Assisted Living ("Cypress Place"), MME Capital Holdings, LLC and Beje Foster, Individually (collectively "Defendants") file this Motion to extend Parties' Deadlines in the First Amended Docket Control Order entered by this Court (ECF No. 14) by 21 days.

1. Plaintiff sued Defendants claiming that Defendants violated provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., as amended ("FLSA") (ECF No. 1).

2. On June 9, 2025, the Court entered a Briefing Schedule for Plaintiff to file her Motion for Notice, Defendants to respond, and setting a hearing on same. (ECF No. 10).

3. In response to Plaintiff's First Set of Requests for Production, Cypress Place produced over 800 pages of arbitration agreements executed by former and current Cypress Place employees, on October 17, 2025.

4. On October 20, 2025, Plaintiff sought leave from the Court to extend the deadlines for her to file her Motion for Notice, the Defendants to file their Response, and the Court's hearing date by 45 days. (ECF No. 13). Defendants did not oppose the requested extensions. (*See* ECF No. 23). On October 27, 2025, the Court entered the First Amended Docket Control Order, in which it set Plaintiff's deadline to file her Motion for Notice on December 4, 2025, Defendants' deadline to respond on January 23, 2026, and the hearing on same on February 26, 2026. (ECF No. 14).

5. Plaintiff filed her Motion for Notice on December 4, 2025. (ECF No. 16).

6. Meanwhile, the Parties have worked to schedule the deposition of Cypress Place's corporate representative in order for, among other things, Plaintiff to investigate the validity of the executed arbitration agreements and evaluate the ability to challenge any of the arbitration agreements, which has a direct effect on Plaintiff's Motion for Notice.

7. Plaintiff noticed the deposition of Cypress Place's corporate representative to occur on January 7, 2026. Due to scheduling conflicts of Cypress Place's counsel, the Parties agreed to reschedule the corporate representative's deposition to January 21, 2026, two days before Defendants' Response to Plaintiff's Motion for Notice must be filed with the Court.

8. Defendants intend to use the deposition testimony of Cypress Place's corporate representative to support their argument in opposition to the Motion for Notice that the former and current employees with valid arbitration agreements in place are precluded from receiving notice of the potential collective action. To do so, however, requires additional time to obtain a copy of the corporate representative's deposition transcript, time to make any corrections on an errata sheet, and evaluate arguments using testimony from the January 21, 2026, deposition.

9. Defendants thus respectfully request a twenty-one (21) day extension of the deadline to file the response to the motion for notice and the hearing on the motion for notice as set forth in the table below:

| Original Deadline | First Amended Deadline | Second Amended Deadline | Event |
|---|---|---|---|
| January 12, 2026 | February 26, 2026 | March 19, 2026 | Hearing on Motion for Notice, 2:00 p.m., before Judge Roy Payne |
| December 10, 2025 | January 23, 2026 | February 13, 2026 | Deadline to File Response to Motion for Notice |

10. Defendants make this request in good faith and in the interests of justice and judicial economy. Plaintiff indicated that she is not opposed to the relief requested herein.

11. Accordingly, Defendants respectfully request that this Court grant Defendants' Unopposed Motion to Extend Phase One Deadlines in this matter.

Respectfully submitted,

**HALLETT & PERRIN, P.C.**

By: */s/ Barrett C. Lesher*
Barrett C. Lesher
Attorney in Charge
State Bar No. 24070137
blesher@hallettperrin.com
Elizabeth M. Reed
State Bar No. 24116945
ereed@hallettperrin.com
1445 Ross Avenue, Suite 2400
Dallas, Texas 75202
Telephone: (214) 953-0053
Facsimile: (214) 922-4142

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2026, the foregoing document was served via email on counsel of record as follows:

Douglas B. Welmaker
Welmaker Law, PLLC
409 N. Fredonia, Suite 118
Longview, Texas 75601
doug@welmakerlaw.com

Josef F. Buenker
THE BUENKER LAW FIRM
P.O. Box 10099
Houston, Texas 77206
jbuenker@buenkerlaw.com

Counsel for Plaintiff

                                                  */s/ Barrett C. Lesher*
                                                  Barrett C. Lesher

## CERTIFICATE OF CONFERENCE

I certify that on January 16, 2026, I conferred with Douglas B. Welmaker, Plaintiff's counsel in this matter, regarding the relief requested herein and he indicated that Plaintiffs are not opposed to the relief sought in this Motion.

                                                  */s/ Elizabeth M. Reed*
                                                  Elizabeth M. Reed