THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| KELLI DAVIS, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>*Plaintiff*,<br><br>v.<br><br>CAPSTONE CYPRESS OPCO, LLC D/B/A CYPRESS PLACE ASSISTED LIVING, MME CAPITAL HOLDINGS, LLC, *and* BEJE FOSTER, INDIVIDUALLY<br><br>*Defendants*. | § § § § § § § § § § § § § § § CASE NO. 2:25-CV-0235-JRG-RSP |

## SECOND AMENDED DOCKET CONTROL ORDER

Before the Court is the Plaintiff Kelli Davis's Unopposed Motion to Extend Deadlines. **Dkt. No. 18**. Having considered the Motion, and noting its unopposed nature, the Court finds that it should be and hereby is **GRANTED**.

Accordingly, it is hereby **ORDERED** that the following deadlines are in effect until further order of this Court:

| Original Deadline | Amended Deadline | Event |
|---|---|---|
| February 26, 2026 | March 19, 2026 | Hearing on Motion for Notice, 2:00 p.m., before Judge Roy Payne |
| January 23, 2026 | February 13, 2026 | Deadline to File Response to Motion for Notice |

OTHER LIMITATIONS

1. All depositions to be read into evidence as part of the parties' case-in-chief shall be **EDITED** so as to exclude all unnecessary, repetitious, and irrelevant testimony; **ONLY** those portions which are relevant to the issues in controversy shall be read into evidence.

2. The Court will refuse to entertain any motion to compel discovery filed after the date of this Order unless the movant advises the Court within the body of the motion that counsel

for the parties have first conferred in a good faith attempt to resolve the matter. *See* Local Rule CV-7(h).

3. The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

    (a) The fact that there are motions for summary judgment or motions to dismiss pending;

    (b) The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

    (c) The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

4. Mediation shall be attended, in person, by named parties (if an individual) or by a fully authorized representative (if not an individual) and by lead counsel. Third party insurance carriers who may be obligated to indemnify a named party and/or who owe a defense to any party shall also attend mediation, in person, by means of a fully authorized representative. Non-compliance with these directives shall be considered an intentional failure to mediate in good faith.

5. Any motion to alter any date on the DCO shall take the form of motion to amend the DCO. The motion to amend the DCO shall include a proposed order that lists all of the remaining dates in one column (as above) and the proposed changes to each date in an additional adjacent column (if there is no change for a date the proposed date column should remain blank or indicate that it is unchanged). In other words, the DCO in the proposed order should be complete such that one can clearly see all the remaining deadlines and the changes, if any, to those deadlines, rather than needing to also refer to an earlier version of the DCO.

**SIGNED this 22nd day of January, 2026.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE