```
 1        UNITED STATES DISTRICT COURT
 2         EASTERN DISTRICT OF TEXAS
 3            MARSHALL DIVISION
 4      ·
 5        CIVIL ACTION NO. 2:25-CV-235
 6
 7   KELLI DAVIS, ON BEHALF OF HERSELF
 8   AND ALL OTHERS SIMILARLY SITUATED,
 9      PLAINTIFF
10   vs.
11   CAPSTONE CYPRESS OPCO, LLC
12   D/B/A CYPRESS PLACE ASSISTED LIVING,
13   MME CAPITAL HOLDINGS, LLC AND BEJE
14   FOSTER, INDIVIDUALLY,
15      DEFENDANTS
16
17       30(8)(6) DEPOSITION OF:
18       CORPORATE REPRESENTATIVE
19          AMANDA DARNELL
20         February 11, 2026
21            10:38 A.M.
22
23   REPORTED BY:
24   CINDY C. JENKINS, CCR
25
```

AMANDA DARNELL - CORP. REP. - 30(B)(6)
FEBRUARY 11, 2026

JOB NO. 2413113

Page 2

```
 1         A P P E A R A N C E S
 2
     APPEARING ON BEHALF OF THE PLAINTIFF:
 3   WELMAKER LAW, PLLC
     Mr. Douglas B. Welmaker
 4   505 Magrill Street.
     Longview, Texas 75601
 5   512-799-2048
     doug@welmakerlaw.com
 6
 7   THE BUENKER LAW FIRM
     Mr. Joe Buenker
 8   Post Office 10099
     Houston, Texas 77206
 9   713-335-4653
     jbuenker@buenkerlaw.com
10
11   APPEARING ON BEHALF OF THE DEFENDANTS:
     HALLETT & PERRIN, P.C.
12   Ms. Elizabeth M. Reed
     1445 Ross Avenue
13   Suite 2400
     Dallas, Texas 75202
14   214-953-0053
     ereed@hallettperrin.com
15
     ALSO PRESENT:
16   Mr. Christopher Rosskopf
17
18
19
20
21
22
23
24
25
```

Page 3

```
 1              I N D E X
 2   WITNESS                              PAGE
 3   AMANDA DARNELL
 4   Examination by Mr. Welmaker           5
 5   Examination by Ms. Reed              60
 6   Re-Examination by Mr. Welmaker       61
 7   Re-Examination by Ms. Reed           64
 8   Re-Examination by Mr. Welmaker       65
 9
10          INDEX OF EXHIBITS
11   NUMBER     DESCRIPTION               PAGE
12   Exhibit 1  Notice of Deposition       10
13   Exhibit 2  Arbitration Policy and Proc. 30
14   Exhibit 3  Arbitration Policy and Proc. 45
15   Exhibit 4  Operations Transfer Agreement 62
16
17
18
19
20
21
22
23
24
25
```

Page 4

```
 1           PROCEEDINGS
 2   FEBRUARY 11, 2026          10:38 AM.
 3
 4         COURT REPORTER: All right,
 5   everyone. Good morning. My name is Cindy
 6   Jenkins. I'm the court reporter here also on
 7   behalf of Steno. I do have the federal
 8   stipulation I'm going to put on the record
 9   really quickly. The parties and their counsel
10   further agree that, while I'm a licensed
11   notary and court reporter, the witness may be
12   in a state where I'm not licensed.
13         The parties stipulate that the
14   deposition may be taken before me. If any
15   party does have an objection to this manner of
16   reporting or anything stated above, please
17   state so now.
18         Okay. Hearing none, we can
19   proceed.
20            AMANDA DARNELL,
21        having been duly sworn,
22        testified as follows:
23         MS. REED: Doug, may we agree on
24   the record that objecting to form will
25   preserve my objections?
```

Page 5

```
 1         MR. WELMAKER: Yes.
 2         MS. REED: Thank you.
 3         COURT REPORTER: All set for
 4   questioning when you're ready, Mr. Welmaker.
 5   EXAMINATION BY MR. WELMAKER:
 6      Q.  Okay. I know you've already told
 7   us your name, but can you go ahead and tell us
 8   your name one more time for the record?
 9      A.  Sure. It's Amanda Darnell.
10      Q.  All right. Thank you,
11   Ms. Darnell.
12         I'm sure that your attorney has
13   gone over the basic ground rules for
14   depositions, but just in case you've forgotten
15   them or just to make everything go as smoothly
16   as possible, I'm just going to go over a
17   couple of ground rules that will help us -
18   the process move along much quicker.
19         If you don't understand a question
20   that I've asked, please let me know, and I'm
21   more than happy to re-ask it or rephrase it to
22   where you do understand it, okay?
23      A.  Okay.
24      Q.  If you do answer a question, I'm
25   going to assume that you understood it. Is
```

AMANDA DARNELL - CORP. REP. - 30(8)(6)
FEBRUARY 11, 2026

JOB NO. 2413113

Page 22

```
1   at the payroll records is probably where I'd
2   start from that time frame.
3       Q.    Okay.  The entity that Capstone
4   purchased the facility from, was it at all
5   related to any of the Capstone companies or
6   Capstone affiliates?
7       A.    I don't have that information.
8       Q.    Okay.  One of the things that we
9   said that we're going to talk about today are
10  how Capstone-Cypress Opco, LLC is associated,
11  if at all, with Capstone Healthcare.
12            So can you tell me how
13  Capstone-Cypress Opco, LLC is associated with
14  Capstone Healthcare?
15      A.    Yes.  Capstone-Cypress is one of
16  the communities under Capstone Healthcare.
17      Q.    Okay.  And you don't know what
18  specific entity owns or operates Capstone
19  Healthcare; is that correct?
20      A.    I don't have that information in
21  front of me, no.
22      Q.    Okay.  And beyond just one of the
23  communities that is under Capstone Healthcare,
24  Capstone-Cypress Opco, LLC is an entity
25  that -- is it a subsidiary entity?
```

Page 23

```
1       A.    I'm not sure.
2       Q.    Is it a standalone entity?
3       A.    I'm not sure.
4       Q.    Okay.  When the arbitration
5   agreements -- and we'll look at those in a
6   second -- use the word "Capstone Healthcare
7   and its affiliates," who specifically are the
8   affiliates of Capstone Healthcare?
9       A.    Those would be the communities.
10      Q.    And what are their names?
11      A.    Our -- our -- You want me to
12  tell you all the names of our different
13  communities?
14      Q.    Sure.  I'd prefer the corporate
15  entities that fall under the Capstone
16  Healthcare umbrella.  Do you have that
17  information?
18      A.    I don't.
19      Q.    Okay.  What are the names of the
20  communities then?
21      A.    So we have Cypress Place
22  Assisted Living, Capstone Healthcare Estates
23  of Perryton, Capstone Healthcare Estates of
24  Hughes Springs, Capstone Healthcare Estates
25  of Daingerfield.  And I'm trying to -- I
```

Page 24

```
1   think that's it.
2       Q.    Okay.  And can you tell me -- so
3   if we're talking about the corporate
4   affiliates under the umbrella of Capstone
5   Healthcare, you don't know the names of any of
6   the corporate affiliates; is that correct?
7             MS. REED:  Object to form.  You
8   can answer.
9             THE WITNESS:  I don't have the
10  exact names, no.
11      Q.    (By Mr. Welmaker) Do you have any
12  part of the corporate names?
13      A.    No.
14      Q.    Okay.  What is your position with
15  Capstone healthcare?
16      A.    I'm our corporate HR.
17      Q.    Corporate HR.
18            So you are corporate HR for
19  Capstone Healthcare; is that correct?
20      A.    Yes.
21      Q.    And so does that mean that you are
22  corporate HR for all the different facilities
23  that you just listed?
24      A.    Yes.
25      Q.    Okay.  Does that mean you're
```

Page 25

```
1   corporate HR for Capstone-Cypress Opco, LLC?
2       A.    Yes.
3       Q.    Okay.  So just off the top of your
4   head, how many entities are you corporate HR
5   for?
6       A.    Five.
7       Q.    Do you know if -- are you
8   corporate HR for Capstone Healthcare Staffing?
9       A.    That is actually not -- I
10  actually know that name because it's not one
11  of our entities.  It's commonly mistaken with
12  us.  We get a lot of phone calls for them.
13  Capstone Healthcare Staffing is a totally
14  different non-associated company.
15      Q.    Okay.  So do -- I'm going to ask
16  you questions about a couple of the corporate
17  entities under Capstone Healthcare.  And I
18  just want to know if you can tell me whether
19  any of these entities fall under the umbrella
20  of Capstone Healthcare, okay?
21      A.    Okay.
22      Q.    Okay.  Capstone Healthcare of
23  Perryton?
24      A.    That is one of our entities.
25      Q.    Okay.  Capstone Healthcare of
```

AMANDA DARNELL - CORP. REP. - 30(8)(6)
FEBRUARY 11, 2026

JOB NO. 2413113

Page 38

1  Gardens of Austin, Attention, Nursing Home
2  Administrator, 3706 Adelphi Lane, Austin,
3  Texas 78727."
4         Actually, the sentence above says,
5  The party seeking arbitration under this
6  agreement must make written demand at or to
7  Colonial Gardens of Austin with the 3706
8  Adelphi Lane address. Do you see that?
9     A    I don't see "at." I see demand
10 for arbitration. Is that the correct
11 sentence I'm supposed to be looking at?
12    Q.   Yeah. The - under arbitration
13 procedures, under required notice of all
14 claims, it says, "The party seeking
15 arbitration must make a written demand for
16 arbitration on the other party within the
17 applicable statute of limitations, period."
18 Then it says, 'Written demand on the company
19 or one or more of its officers, directors,
20 shareholders must be sent to Colonial Gardens
21 of Austin, Attention, Nursing Home
22 Administrator at 3706 Adelphi Lane, Austin,
23 Texas." Did I read that correctly?
24    A    Yes.
25    Q.   Okay. So under this arbitration

Page 39

1  agreement, is it your - or the company's
2  position that in order to invoke arbitration,
3  a demand must be made on Colonial Gardens of
4  Austin at 3706 Adelphi Lane in Austin, Texas?
5         MS. REED: Objection, form.
6         THE WITNESS: No. That was
7  intended to be redacted and printed out in
8  error.
9     Q.   (By Mr. Welmaker) Okay.
10        So where in this agreement that
11 we're looking at now that's been marked as
12 Exhibit No. 2, does it specify that it applies
13 to employees of Capstone-Cypress Opco, LLC?
14    A    Can you repeat that question for
15 me?
16    Q.   Sure.
17        Where in this exhibit that we've
18 marked as Exhibit No. 2, does it specify that
19 this arbitration agreement applies to
20 employees of Capstone-Cypress Opco, LLC?
21    A    So on page one or 000832, it
22 says, "Capstone Healthcare hereinafter simply
23 the company." So anytime that the company is
24 referenced here, we're referring to Capstone
25 Healthcare.

Page 40

1     Q.   Okay. Is Capstone Healthcare an
2  entity or -
3     A    Capstone Healthcare is the
4  common name we use for all of our
5  communities.
6     Q.   Okay. Has it been registered
7  anywhere as an assumed name or a d/b/a?
8     A    I'm not sure.
9     Q.   Okay. And so is it the company's
10 testimony that the words "Capstone Healthcare"
11 refers to all of the various Capstone, LLC
12 entities, including Capstone-Cypress Opco,
13 LLC?
14    A    Yes. That's my understanding.
15    Q.   Okay. Does it say that anywhere
16 here in this document?
17    A    Does it say what anywhere here
18 in this document? I just want to make sure
19 I'm understanding.
20    Q.   Does it say anywhere in this
21 document that Capstone Healthcare specifically
22 applies to any of the other Capstone corporate
23 entities, including Capstone -
24 Capstone-Cypress Opco, LLC?
25    A    I would have to read through

Page 41

1  this in detail.
2     Q.   Okay. We can give you time to do
3  that.
4     A    Okay. Do I need to -
5         MS. REED: No. You just go ahead
6  and read.
7         THE WITNESS: Oh. Oh, I'm sorry.
8  Okay. Okay. So on page 2 or 000833 - oh,
9  gosh, let me find it. It talks about, "The
10 arbitration policy and procedures binds and
11 benefits both the emRloyee and the company, as
12 well as their successors, subsidiaries, and
13 affiliates."
14        MS. REED: Do you want to call out
15 the specific heading?
16        THE WITNESS: The specific heading
17 is the binding on others.
18    Q.   (By Mr. Welmaker) Okay. I see
19 that on 833.
20    A    Yes.
21    Q.   Where does it mention any of the
22 other Capstone corporate entities or
23 Capstone-Cypress Opco, LLC?
24    A    It says here, "The arbitration
25 policy procedures binds and benefits both the

AMANDA DARNELL - CORP. REP. - 30(8)(6)
FEBRUARY 11, 2026

JOB NO. 2413113

Page 42

```
 1   employee and the company."  So the company
 2   being referred to as Capstone Healthcare.
 3   "As well as their successors, subsidiaries,
 4   and affiliates."  And then it goes on to say
 5   "And any of their officers, directors,
 6   shareholders, partners, owners, employees,
 7   and agents of any company, employee benefit
 8   plan and its administrators."  So it would
 9   fall under that umbrella of various listings
10   here.
11       Q.   Okay.  So - but what is Capstone
12   Healthcare?  Is it - is it a cotparate
13   entity?  Is it a d/b/a?  Is it - I mean, what
14   is it?  Where is it listed?
15            MS. REED:  Objection, form.
16            THE WITNESS:  It's the common
17   phrase we use for our communities.  They're -
18   they're part of Capstone Healthcare.
19       Q.   (By Mr. Welmaker) Okay.
20            Is Capstone Healthcare registered
21   as an entity doing business in Texas?
22            MS. REED:  Objection, form.
23            THE WITNESS:  I don't know.  I
24   would have to get the exact documentation.
25       Q.   (By Mr. Welmaker) Okay.
```

Page 43

```
 1            So other than the binding on
 2   others provision on Capstone 833, is there any
 3   other provision of this arbitration agreement
 4   that would apply to any of the other Capstone
 5   corporate entities or Capstone-Cypress Opco,
 6   LLC?
 7       A.   May I continue reading?
 8       Q.   Sure.
 9       A.   Okay.  That's the only place I'm
10   seeing it.
11       Q.   Okay.  Let me ask you one more
12   question about Capstone Healthcare.  That's on
13   page 832 at the top.  Is Capstone Healthcare a
14   Texas entity?
15            MS. REED:  Objection, form.
16            THE WITNESS:  We only operate in
17   Texas.
18       Q.   (By Mr. Welmaker) Okay.
19            Do you know if it's a Texas
20   entity, though?
21       A.   I don't know.  I just know that
22   we only do business in the state of Texas.
23   As far as a specific entity, I don't know.
24       Q.   Do you know if it's chartered in
25   Texas?
```

Page 44

```
 1       A.   I don't know.
 2       Q.   Can you look at the very last
 3   page, which is Bates Stamped 837?
 4       A.   Yes.  Yes.
 5       Q.   Who created this document?
 6       A.   I don't know.
 7       Q.   Was it a part of the forms that
 8   you-all used from Southwest LTC?
 9       A.   I believe so.
10       Q.   But you don't know for sure?
11       A.   I don't know for sure, but I do
12   believe so.
13       Q.   What makes you believe that?
14       A.   I believe that it's an extension
15   of the pages above.
16       Q.   But why do you believe that?
17       A.   Just based on the formatting and
18   the structure of the document.
19   That is just the separate signature page to
20   the policy above is m y - is the only reason
21   I -
22       Q.   Okay.  Let's look at Exhibit 3.
23            MS. REED:  Doug, while you're at a
24   transitioning point, we received the - can we
25   go off the record really quick?
```

Page 45

```
 1            MR. WELMAKER:  Sure.
 2            MS. REED:  Okay.
 3            (A short discussion was held.)
 4            (Whereupon, Plaintiff's
 5            Exhibit 3 was marked for
 6            identification.)
 7       Q.   (By Mr. Welmaker) So I want to
 8   direct your attention to what is marked as
 9   Exhibit No. 3, which is another arbitration
10   agreement Bates stamped 838 to 842.  I
11   actually accidentally put an extra page on it,
12   so you can just ignore that.  Do you see that
13   in front of you or on your screen?
14       A.   Yes, Ida.
15       Q.   Okay.  Who created this agreement?
16       A.   I retyped this agreement from
17   the template.
18       Q.   So from Exhibit No. 2?
19       A.   Yes.
20       Q.   And when was it put into use?
21       A.   It says - at the bottom of the
22   page, it says, Effective September 2024.
23       Q.   Okay.  Is that about when you
24   retyped it?
25       A.   Yes.
```

**Page 66**

1  can find any other dates that might - that's
2  the primary date that I am utilizing.
3        MR. WELMAKER: Okay. All right.
4  I have no further questions.
5        MS. REED: I have no further
6  questions.
7        (The deposition concluded at 12:39 p.m.)

**Page 67**

1        CERTIFICATE OF REPORTER
2        I, the undersigned, a Certified Shorthand
3  Reporter, Licensed by the State of Alabama, being
4  empowered to administer oaths and affirmations
5  remotely pursuant to Section 30(f)(1) of the Federal
6  Rules of Civil Procedure, do hereby certify:
7        That the foregoing proceedings were taken
8  remotely before me at the time and place herein set
9  forth; that any witness in the foregoing proceedings,
10 prior to testifying, were placed under oath; that a
11 verbatim record of the proceedings was made by me
12 using machine shorthand which was thereafter
13 transcribed under my direction; further, that the
14 foregoing is an accurate transcription thereof.
15       I further certify that I am neither financially
16 interested in the action nor a relative or employee
17 of any attorney or any of the parties. Further, that
18 if the foregoing pertains to the original transcript
19 of a deposition in a Federal Case, before completion
20 of the proceedings, review of the transcript [X] was
21 [ ] was not requested.
22       IN WITNESS WHEREOF, I have this date subscribed
23 my name.   DATED:   2/11/2026
24
25            Cynthia C. Jenkins, CCR 470

**Page 68**

1        DEPOSITION ERRATA SHEET
2
3        DECLARATION UNDER PENALTY OF PERJURY
4   I declare under penalty of perjury that
5   I have read the entire transcript of
6   my Deposition taken in the captioned matter
7   or the same has been read to me, and
8   the same is true and accurate, save and
9   except for changes and/or corrections, if
10  any, as indicated by me on the DEPOSITION
11  ERRATA SHEET hereof, with the understanding
12  that I offer these changes as if still under
13  oath.
14  Signed on the ___ day of _____,
15  20 _ .
16
17  _____
18       Amanda Darnell

**Page 69**

1        DEPOSITION ERRATA SHEET
2   Page No.___ Line No.___ Change to:
3   _____
4   Reason for change:_____
5   Page No.___ Line No.___ Change to:_____
6   _____
7   Reason for change:_____
8   Page No.___ Line No.___ Change to:_____
9   _____
10  Reason for change:_____
11  Page No.___ Line No.___ Change to:_____
12  _____
13  Reason for change:_____
14  Page No.___ Line No.___ Change to:_____
15  _____
16  Reason for change:_____
17  Page No.___ Line No.___ Change to:_____
18  _____
19  Reason for change:_____
20  Page No.___ Line No.___ Change to:_____
21  _____
22  Reason for change:_____
23
24  SIGNATURE:_____ DATE:___
25       Amanda Darnell