**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **KELLI DAVIS, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED,** | § § § § | |
| **PLAINTIFF** | § § § | |
| **v.** | § § § | **CIVIL ACTION NO. 2:25-cv-235** |
| **CAPSTONE CYPRESS OPCO, LLC D/B/A CYPRESS PLACE ASSISTED LIVING, MME CAPITAL HOLDINGS, LLC AND BEJE FOSTER, INDIVIDUALLY,** | § § § § § § § § | |
| **DEFENDANTS** | § | |

**DEFENDANTS' SUR-REPLY IN SUPPORT OF RESPONSE**
**IN OPPOSITION TO MOTION FOR NOTICE**

In order to circumvent Defendants' argument that notice cannot be provided to the approximately 130 former employees of Capstone Cypress OpCo, LLC d/b/a Cypress Place Assisted Living ("Cypress") who executed arbitration agreements, Plaintiff argues that: (1) neither version of the arbitration agreement is enforceable because "Cypress" is not named in either version; (2) the first version of the arbitration agreements is unenforceable because it is not countersigned by Cypress; and (3) the second version is unenforceable because "Capstone Healthcare" is named as "the Company" and "Capstone Healthcare" is not a legal entity. This argument ignores Fifth Circuit case law and the evidence contained in the record establishing the validity of the arbitration agreements. As such, the Court should not permit notice to be sent to current or former employees who signed arbitration agreements.

1

Plaintiff then argues that Cypress utilized a uniform compensation system, thereby making the approximately 150 former employees similarly situated. This argument ignores that the crux of the underlying "merits question" is whether an employee worked during a break period, notified their supervisor or submitted a missed punch form, and then still did not receive payment for the time worked. Such an analysis must be determined on an individualized basis notwithstanding the fact that Cypress utilized a uniform compensation system. As such, the Court should deny Plaintiff's Motion for Notice.

## I.    Both Versions of the Arbitration Agreements are Enforceable.

Plaintiff argues that the first version of the arbitration agreement is unenforceable because it was not signed by a Cypress representative and Cypress is not identified in that version of the arbitration agreement. ECF Doc. 25, p. 4. Plaintiff argues that the second version of the arbitration agreement is unenforceable because Cypress is not identified. Plaintiff argues as to both arbitration agreements that because they identify "Capstone Healthcare" which is not an existing legal entity, neither are enforceable. *Id*. at p. 5. Plaintiff's arguments fail.

First, neither the Federal Arbitration Act nor Texas law requires arbitration agreements to be signed. *Yanez v. Dish Network, L.L.C.*, 140 F.4th 626, 631 (5th Cir. 2025) (holding that an employee's argument that an arbitration agreement with an affiliate-employer is unenforceable because it is not signed fails because neither federal nor Texas law require signatures). Therefore, Plaintiff's argument that the first version of the arbitration agreement is unenforceable because a Cypress representative failed to countersign that version fails and the Court should reject Plaintiff's argument.

Second, Plaintiff argues that because the signature block of the first version of the arbitration agreement contains the names of an unrelated entity ("Southwest LTC-Austin ALF,

Inc. dba Colonial Gardens of Austin") in addition to Capstone Healthcare, then the unrelated entity is the actual contracting entity. ECF Doc. 25, p. 4. This argument is a red herring and factually incorrect because the agreement defines the "Company" as "Capstone Healthcare." ECF Doc. 22-1, p. 52.  The agreement then clearly provides that:

> that by continuing my employment with the Company (or by accepting future employment with the Company after receiving the [APP]) [they] agree to submit to binding arbitration (under the [APP]) any and all claims, disputes or controversies that exist nor or arise later between [them] and the Company or between [them] and any Company employees, officers, partners, owners or affiliated companies, including claims, disputes and controversies arising before, during and after my employment with the Company.

ECF Doc. 22-1, p. 56. Therefore, the language of the arbitration agreement clearly defines the entity that is entering into the arbitration agreement as "Capstone Healthcare," not Southwest LTC-Austin ALF, Inc. dba Colonial Gardens of Austin. Plaintiff's argument should be rejected.

Next, as general support of her argument that the arbitration agreements are unenforceable, Plaintiff cites three cases, only one of which arises out of the Fifth Circuit. ECF Doc. 25, p. 3. The one Fifth Circuit case cited by Plaintiff refused to find an arbitration agreement enforceable when an employer was not named in the arbitration agreement and "the record contained no evidence establishing the relationship between" the named entity and the actual employer. *Id*. (citing *Morphis v. Federal Home Loan Mortgage Corp.*, 2002 WL 1461930, *4 (N.D. Tex. July 3, 2002)). The other two cases cited by Plaintiff held similarly. *See Ahlstrom v. DHI Mortg. Co., Ltd., L.P.*, 21 F.4th 631, 636 (9th Cir. 2021); *see also Goplin v. WeConnect, Inc.*, 893 F.3d 488 (7th Cir. 2018).

Based on these cases, Plaintiff claims that because both versions of the arbitration agreement identify "Capstone Healthcare," not Cypress, as the contracting entity, neither version is enforceable as to Cypress. ECF Doc. 25, pp. 4, 5. Plaintiff further argues that because

3

"Capstone Healthcare" is not an existing legal entity, neither arbitration agreement is enforceable. *See id*. at pp. 4, 5.

However, Plaintiff's argument ignores the long-established general rule Texas applies to the enforceability of arbitration agreements: an employee "cannot avoid arbitration by raising factual disputes about her employer's correct legal name." *In re Macy's Tex., Inc.*, 291 S.W.3d 418, 420 (Tex. 2009). This is because an employee would be hard-pressed to make a good faith argument that they intended to enter into an arbitration agreement covering claims relating to their employment with anyone other than their actual employer. *See id*. at 420.

Plaintiff's argument further ignores the recent holding in *Yanez* that an affiliate can enforce an arbitration agreement despite not being specifically named in the agreement. *Yanez*, 140 F. 4th at 630. The same applies in this case: both arbitration agreements explicitly bind "the Company's" affiliates by stating: "[t]his Arbitration Policy and Procedures binds and benefits both the employee and the Company, *as well as their successors, subsidiaries and affiliates*…" ECF Doc. 22-1, pp. 53, 59 (emphasis added). Amanda Darnell, the Chief Human Resources Officer for Cypress, testified that Cypress is "one of the communities under Capstone Healthcare." Doc. 22-2, p. 3. Accordingly, Cypress is one of Capstone Healthcare's affiliates, and the arbitration agreements are therefore valid, enforceable agreements, preventing the Court from providing notice to former Cypress employees who have executed either form of the arbitration agreements.

## II.    The Putative Collective Members Are Not Similarly Situated.

The Court should deny Plaintiff's Motion for Notice because the putative collective members are not similarly situated. Plaintiff's sole argument that the putative collective members are similarly situated is that Cypress's compensation practices are uniform across the different

facilities operated by Capstone. ECF Doc. 25, p. 5. Plaintiff claims that "[v]ariations in job title or assignment make no legal difference because the challenged policy operates through the timekeeping system itself, uniformly." *Id*. at 6.

Defendants did not argue that Cypress's hourly employees had variations in job title or assignment. Rather, Defendants argued that the putative collective members are not similarly situated because the crux of the merits underlying the dispute is highly individualized. When looking to determine whether a putative collective member did not receive compensation for work performed, the trier of fact will need to determine whether (1) said employee worked during a lunch break; (2) either reported the work over the lunch break to their supervisor or submitted a missed punch form; and (3) received compensation. The answers to these three questions cannot be answered collectively. Rather, each question for each putative collective member presents individualized facts and defenses. For these reasons, Plaintiff's Motion for Notice should be denied.

## **CONCLUSION AND PRAYER**

Defendants respectfully request that the Court deny Plaintiff's Motion for Notice. Alternatively, if the Court were to authorize Notice, Defendants request that the Court sustain their objections to Plaintiff's proposed notice lodged in their Response in Opposition to Plaintiff's Motion for Notice and authorize the notice as revised by Defendants therein.

Respectfully submitted,

**HALLETT & PERRIN, P.C.**


By: */s/ Barrett C. Lesher*
Barrett C. Lesher
Attorney in Charge
State Bar No. 24070137
blesher@hallettperrin.com
Elizabeth M. Reed
State Bar No. 24116945
ereed@hallettperrin.com
1445 Ross Avenue, Suite 2400
Dallas, Texas 75202
Telephone: (214) 953-0053
Facsimile: (214) 922-4142

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**


I hereby certify that on June 19, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all CM/ECF participants.

*/s/ Barrett C. Lesher*
Barrett C. Lesher

6