**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **KELLI DAVIS, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED,** | § | |
| **Plaintiff,** | § | **Case No. 2:25-cv-00235-JRG-RSP** |
| **v.** | § | |
| **CAPSTONE CYPRESS OPCO, LLC D/B/A CYPRESS PLACE ASSISTED LIVING, MME CAPITAL HOLDINGS, LLC, AND BEJE FOSTER, INDIVIDUALLY** | § | |
| **Defendants.** | § | |

**JOINT MOTION FOR ENTRY OF ORDER AUTHORIZING NOTICE**

Plaintiff Kelli Davis ("Plaintiff") and Defendants Capstone Cypress OpCo, LLC d/b/a Cypress Place Assisted Living, MME Capital Holdings, LLC, and Beje Foster (collectively, "Defendants") jointly move the Court to enter the proposed Order Authorizing Notice submitted with this motion, and state the following:

1. The Court held a hearing on Plaintiff's Motion for Notice Pursuant to the FLSA (Dkt. No. 16) (the "Motion") on August 11, 2026, and considered the Motion, Defendants' Response (Dkt. No. 22), Plaintiff's Reply (Dkt. 25), and Defendants' Sur-Reply (Dkt. 27). After considering the briefing and arguments of counsel, the Court granted the Motion in-part and denied the Motion in-part, and ordered that employees who have not signed arbitration agreements and are similarly situated may be given notice of this collective action. The Court found that current and former employees who signed arbitration agreements may not be given notice. (Dkt. No. 29.)

2. The Court directed counsel to confer and to submit a joint motion for notice with an agreed schedule in the order within ten days. (Dkt. No. 29.) Counsel conferred on August 20 and August 21, 2026.

3. The parties agree that the collective the Court authorized consists of the following individuals: All current and former hourly, non-exempt employees who worked for Cypress Place Assisted Living in Jefferson, Texas at any time during the three years preceding the date of this Order, who did not execute an arbitration agreement, and whose recorded hours were reduced by thirty minutes for a lunch break.

4. Defendants proposed in their Response in Opposition that the collective be further limited to employees who reported working through the lunch break on a missed punch form and did not receive reimbursement for that time. (Dkt. No. 22 at 14.) The Court declined to impose those two limitations at the August 11, 2026 hearing, and the definition set out above does not include them.

5. Defendants have identified nine individuals, including Plaintiff, who did not execute an arbitration agreement. For each individual other than Plaintiff, Defendants produced the dates of employment, the job title, the hourly rate of pay, the last known mailing address, and the telephone number. Defendants are attempting to determine if they possess any email addresses for the nine individuals and will provide any such email addresses within seven (7) days of the Court's order.

6. The parties agree to the form of the Notice of Collective Action, the Consent to Join form, and the text message notice submitted with this motion as Exhibits A, B, and C. Those documents revise the notice documents Plaintiff filed with the Motion for Notice. The revisions state the collective definition set out above and update the deadlines to correspond

to the schedule in the proposed Order. Plaintiff has also removed the phrase “cut or” from the definition, which Defendants identified as ambiguous in their Response in Opposition (Dkt. No. 22 at 13).

7. The parties agree to the schedule set out in the proposed Order. Because Defendants have already produced most of the contact information, that schedule requires Defendants to supplement with email addresses within seven days of the Order, requires Class Counsel to send the Notice and Consent to Join form within fourteen days of the Order, permits one reminder notice thirty days after the initial mailing, and gives the members of the collective sixty days from the initial mailing to return a signed Consent to Join form.
8. Plaintiff reserves any argument that the limitations period for a member of the collective is subject to equitable tolling. Defendants reserve any argument in opposition. Nothing in this motion or in the proposed Order resolves that question.
9. Defendants do not waive, and expressly preserve, their objections to notice and their positions on the merits, including the positions stated in their Response in Opposition (Dkt. No. 22) and their Sur-Reply (Dkt. No. 27).

**CONCLUSION**

The parties request that the Court enter the proposed Order Authorizing Notice submitted with this motion.

Respectfully Submitted,

WELMAKER LAW, PLLC
505 E. Magrill
Longview, Texas 75601
Tel: (512) 799-2048

By: *<u>/s/ Douglas B. Welmaker</u>*
Douglas B. Welmaker
Texas State Bar No. 00788641
doug@welmakerlaw.com
Attorney-in-Charge

**ATTORNEY FOR PLAINTIFF KELLI DAVIS**

THE BUENKER LAW FIRM
Josef F. Buenker
Texas State Bar No. 03316860
P.O. Box 10099
Houston, Texas 77206
Tel: (713) 868-3388
Fax: (713) 683-9940
jbuenker@buenkerlaw.com

**CO-COUNSEL FOR PLAINTIFF**

HALLETT & PERRIN, P.C.
1445 Ross Avenue, Suite 2400
Dallas, Texas 75202
Tel: (214) 953-0053
Fax: (214) 922-4142

*<u>/s/ Barrett C. Lesher</u>*
Barrett C. Lesher
Texas State Bar No. 24070137
blesher@hallettperrin.com

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF CONFERENCE**

I certify that I consulted with opposing counsel in this matter and that we jointly agreed on the form of this Motion, the attachments and the Proposed Order.

*/s/ Douglas B. Welmaker*
Douglas B. Welmaker

**CERTIFICATE OF SERVICE**

On August 21, 2026, I served the foregoing document on all counsel of record via the Court's CM/ECF system and/or via email and certified U.S. Mail in accordance with the Federal Rules of Civil Procedure.

*/s/ Douglas B. Welmaker*
Douglas B. Welmaker